UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation, | **COMPLAINT** |
| Plaintiff, | Case No.: |
| v. | CV _____ |
| ANGELO BALDI, | |
| Defendant. | |

Plaintiff, COLUMBIA PICTURES, by its attorneys, Hiscock & Barclay, LLP, for its Complaint against defendant, ANGELO BALDI, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because Defendant resides in this District and the acts of infringement complained of herein originated in this District.

### PARTIES

4. Plaintiff Columbia Pictures Industries, Inc. ("Plaintiff") is one of the world's leading creators and distributors of motion pictures. Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of Plaintiffs copyrighted motion pictures. Defendant's infringements allow

Defendant and others to unlawfully obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time Defendant unlawfully distributes a free copy of one of Plaintiff's copyrighted motion pictures to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5. Plaintiff is a Delaware corporation, with its principal place of business at 10202 West Washington Boulevard, Culver City, California. Plaintiff is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendant.

6. Upon information and belief, Defendant, an individual, resides in this District.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

7. Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8. At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including, but not limited to, *The Grudge* (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. A true and correct copy of this Certificate of Copyright Registration is attached hereto as Exhibit A.

9. The Copyrighted Motion Picture contains a copyright notice advising the viewer that it is protected by the copyright laws.

10. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, on or about January 30, 2005, the Copyrighted Motion Picture. In doing so, Defendant has violated Plaintiffs exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12. As a result of Defendant's infringement of Plaintiffs exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

13. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant

to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's exclusive rights under the Copyright Act of 1976 and ordering that Defendant destroy all copies of the Copyrighted Motion Picture made in violation of those rights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For entry of preliminary and permanent injunctions providing Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of Plaintiff's Motion Pictures, to distribute any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3. For Plaintiff's costs.

4. For Plaintiff's reasonable attorneys' fees.

5.  For such other and further relief as the Court deems proper.

**HISCOCK & BARCLAY LLP**

**LOEB & LOEB LLP**

Dated: November 10, 2005          By:   S// Thomas F. Knab
                                        Thomas F. Knab
                                        Attorneys for Plaintiff
                                        1100 M&T Center
                                        3 Fountain Plaza
                                        Buffalo, New York 14203
                                        Telephone: (716) 856-5400

                                        Alexandra DeNeve
                                        Attorneys for Plaintiff
                                        345 Park Avenue
                                        New York, New York 10154-0037
                                        Telephone: (212) 407-4000
                                        Facsimile: (212) 407-4990

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**PA 1-241-927**

EFFECTIVE DATE OF REGISTRATION

**OCT 2 2 2004**
Month        Day         Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**  **TITLE OF THIS WORK ▼**
THE GRUDGE

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**NATURE OF THIS WORK ▼** See instructions
Motion Picture

---

**2  a  NAME OF AUTHOR ▼**
GHP 2 - Grudge, LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**   Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Author of entire work (see Space 6)

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP**   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**c  NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP**   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

---

**3  a  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2004 ◀ Year  This information must be given in all cases.

**b  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ October   Day ▶ 22   Year ▶ 2004
United States of America ◀ Nation

---

**4**  **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
GHP 2 - Grudge, LLC
8666 Wilshire Blvd.
Beverly Hills, CA 90211

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
OCT 2 2 2004
ONE DEPOSIT RECEIVED
OCT 2 2 2004
TWO DEPOSITS RECEIVED
(5) 35 mm
REMITTANCE NUMBER AND DATE

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
DO NOT WRITE HERE

| EXAMINED BY | SBD | FORM PA |
|---|---|---|
| CHECKED BY | BB | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☒ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box)
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☒ This is a changed version of the work, as shown by space 6 on this application.
- If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼
   Screenplay: Pending                                                2004

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates▼
   Based on the 2003 Japanese film "JU-ON: The Grudge" written and directed by Takashi Shimizu.

**6**

See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.▼
   Entire motion picture except as described in Space 6A.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                                             Account Number ▼
   Thomson & Thomson                                             061794

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
   See Space 9

Be sure to give your daytime phone number.

Area Code & Telephone Number ▶ (310) 244-7553

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of _____
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
   Columbia Pictures Industries, Inc. by Gayle McDonald    date ▶ October 22, 2004

Handwritten signature (X) ▼
   Gayle McDonald

**MAIL CERTIFICATE TO**

Name ▼  Gayle McDonald
         Columbia Pictures Industries, Inc.
Number/Street/Apartment Number ▼
         10202 W. Washington Blvd.
City/State/ZIP ▼
         Culver City, CA 90232-3195

Certificate will be mailed in window envelope

- Complete all necessary spaces
- Sign your application in space 8
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office has the authority to adjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 1996. Please contact the Copyright Office after July 1995 to determine the actual fee schedule.

**9**